UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ong Her,

        Plaintiff,                        Civ. No. 11-1490 (RHK/SER)
                                            **MEMORANDUM OPINION
                                            AND ORDER**

v.

Clay Johnson, *et al.*,

        Defendants.

## INTRODUCTION

This action arises out of Plaintiff Ong Her's arrest on January 20, 2009, shortly after a traffic accident in St. Paul, Minnesota. Plaintiff asserts that Defendant Clay Johnson, a St. Paul police officer, used excessive force while arresting her in violation of her Fourth Amendment rights. Presently before the Court is Defendants' Motion for Summary Judgment (Doc. No. 11). For the reasons that follow, the Motion will be granted.

## BACKGROUND

On January 20, 2009, Plaintiff's automobile was involved in an accident near Johnson Parkway and Seventh Street in St. Paul, Minnesota. Patricia Kozeny, a 79-year-old woman, struck Plaintiff's vehicle from behind. (Her Dep. at 30.) Plaintiff, a woman of Hmong descent who is not fluent in English, exited her car with a pencil and pad of paper to write down Kozeny's license plate number, telling Kozeny not to leave. (Id. at 41-42.) Kozeny then exited her car, grabbed Plaintiff's arm, and struck it several times with a closed fist. (Id. at 36, 38.) The pencil fell out of Plaintiff's hand, and Kozeny then

returned to her vehicle.   (Id. at 40, 82.)

As Plaintiff was trying to stop Kozeny from leaving, Johnson arrived in response to a radio call.   (Johnson Dep. at 28.)   He found Plaintiff standing near Kozeny's window. (Id. at 33.)   He approached her from behind without announcing his presence or identifying himself as a police officer.   (Id. at 34-37; Her Dep. at 46.)   He did not view the two fighting, but as he approached he saw a "terrified look on [Kozeny's] face."   (Johnson Dep. at 35.)   Believing Kozeny to be in danger, Johnson grabbed Plaintiff's collar and left arm, and dragged her to the ground.   (Id. at 37-40; Her Dep. at 31.)   After grabbing Plaintiff, Johnson "slammed [her] head" on the ground, pinned her by putting his knee onto her left shoulder blade, and radioed that he needed emergency assistance.   (Her Dep. at 65; Johnson Dep. at 50-51.)   He then pulled Plaintiff's hands behind her back "really tight" and handcuffed her.   (Her Dep. at 49.)   Plaintiff did not speak while Johnson secured and handcuffed her.   (Her Dep. at 47-48.)   According to Plaintiff, Johnson then "pick[ed] her up and threw her against the [squad] car" "many times," and then threw her into the back seat.   (Her Dep. at 10, 32, 49.)   When she was in the back seat, an unidentified female officer "opened the door and punched [her] in [the] head."   (Id. at 32.)

Following the incident, Plaintiff has received medical treatment for headaches and neck and shoulder pain.   (Doc. No. 25 Exs. A-D.)   Her doctors' reports note that she "has a previous history of abuse.   Her husband, from whom she is divorced, abused her frequently.   [Plaintiff] attributes long-standing arm pain to his attacks."   (Id. Ex. A.) Later medical tests showed no lasting brain injuries, and a brain MRI showed "[n]o evidence of trauma" and "no abnormalities that could plausibly account for any of her

symptoms." (Id. Exs. B, C.)   Plaintiff also complains of emotional distress related to the incident, but this complaint has no support in the medical records.   (See id., Exs. A-D.)

Plaintiff commenced the instant action on June 7, 2011, alleging:   (a) excessive force against Officer Johnson and a female Officer Jane Doe; (b) a claim against the City of St. Paul under Monell v. New York City Dep't of Soc. Services, 436 U.S. 658 (1978); and (c) a claim pursuant to the Minnesota Human Rights Act ("MHRA"), Minn. Stat § 363A.01 et seq.   In briefing the instant Motion, Plaintiff conceded that summary judgment is appropriate with respect to the § 1983 claim against Officer Jane Doe, the Monell claim, and the MHRA claim; accordingly, those claims will be dismissed.   What remains, therefore, is Plaintiff's claim against Officer Johnson.   Johnson argues that Plaintiff has failed to establish that he used excessive force and that qualified immunity bars Plaintiff's recovery.   The Court heard oral argument on July 10, 2012, the issues have been fully briefed, and the Motion is ripe for disposition.

## STANDARD OF REVIEW

Summary judgment is proper if, drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).   The moving party bears the burden of showing that the material facts in the case are undisputed.   Id. at 322; Whisenhunt v. Sw. Bell Tel., 573 F.3d 565, 568 (8th Cir. 2009).   The Court must view the evidence, and the inferences that may be reasonably drawn from it, in the light most favorable to the nonmoving party. Weitz Co., LLC v. Lloyd's of London, 574 F.3d 885, 892 (8th Cir. 2009); Carraher v.

Target Corp., 503 F.3d 714, 716 (8th Cir. 2007). The nonmoving party may not rest on mere allegations or denials, but must show through the presentation of admissible evidence that specific facts exist creating a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Wingate v. Gage Cnty. Sch. Dist., No. 34, 528 F.3d 1074, 1078-79 (8th Cir. 2008).

## ANALYSIS

Qualified immunity protects state actors unless they have "violate[d] clearly established . . . constitutional rights of which a reasonable person would have known." Mitchell v. Forsyth, 472 U.S. 511, 524 (1985). In analyzing whether Johnson is entitled to qualified immunity here, the Court must conduct a two-part inquiry. It must assess whether the facts show that the challenged conduct violated a constitutional right. If a violation could be established based on those facts, the Court must determine whether the constitutional right at issue was clearly established on the date in question. E.g., Avalos v. City of Glenwood, 382 F.3d 792, 798 (8th Cir. 2004) (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)).[1] This standard "gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." Walker v. City of Pine Bluff, 414 F.3d 989, 992 (8th Cir. 2005) (quoting Hunter v. Bryant, 502 U.S. 224, 229 (1991)).

It is undisputed that, on the date in question, the Fourth Amendment precluded the use of excessive force by law-enforcement officers. E.g., Andrews v. Fuoss, 417 F.3d

---

[1] The Court may decide which of these two questions to answer first. Pearson v. Callahan, 555 U.S. 223, 235-36 (2009).

813, 818 (8th Cir. 2005).  The question to be answered, therefore, is whether the force used by Johnson exceeded the quantum constitutionally permissible at the time.  As with all Fourth Amendment claims, the answer to this question turns on the "objective reasonableness" of Johnson's conduct.  Graham v. Connor, 490 U.S. 386, 392 (1989); Samuelson v. City of New Ulm, 455 F.3d 871, 875 (8th Cir. 2006).  As the Eighth Circuit recently noted, "over the course of more than fifteen years, . . . it . . . remain[ed] an open question in this circuit whether an excessive force claim requires some minimum level of injury."  Chambers v. Pennycook, 641 F.3d 898, 904 (8th Cir. 2011).  Chambers laid this issue to rest and clarified that even a *de minimis* injury can support an excessive-force claim.  But "[g]iven the state of the law" before that decision, a reasonable police officer "could have believed that as long as he did not cause more than *de minimis* injury to an arrestee, his actions would not run afoul of the Fourth Amendment."  Id.  In other words, it was not clearly established pre-Chambers that an officer violated an arrestee's rights if he caused only *de minimis* injuries.  Id. at 908-09.

Bruises, a small cut on the forehead, and amorphous "pain" do not rise to the level of injury that was required before Chambers to support an excessive-force claim.  See, e.g., Wertish v. Krueger, 433 F.3d 1062, 1067 (8th Cir. 2006) ("[R]elatively minor scrapes and bruises and the less-than-permanent aggravation of a prior . . . condition were *de minimis* injuries that support a conclusion that [the officer] did not use excessive force."); Andrews, 417 F.3d at 818 (determining that a "forceful blow" strong enough to cause plaintiff to see stars and aggravate a pre-existing injury was insufficient to make out an excessive force claim).  It was not clearly established at the time of the events in this case

5

that an officer violated the rights of an arrestee by applying force that inflicted only *de minimis* injury.

In an attempt to overcome the hurdle established in Chambers, Plaintiff has submitted medical records from shortly after the incident, showing that she suffered headaches and neck and shoulder pain.  In the Court's view, however, these records bolster Johnson's argument that Plaintiff has suffered only a *de minimis* injury.  Plaintiff has a history of abuse to which her doctors attribute her long-standing arm pain. Extensive tests failed to show any brain injury, and Plaintiff has offered no medical documentation to support a finding of emotional distress.  Although Plaintiff testified in her deposition that the pains resulting from Officer Johnson's arrest still bother her today, no medical records connect her pain to Johnson's use of force.  Given the absence of medical evidence of some type of permanent injury or emotional distress directly related to the arrest, the Court finds that Plaintiff's alleged injuries are at best *de minimis* and an insufficient basis for a Fourth Amendment claim.  See Curd v. City Court of Judsonia, Ark., 131 F.3d 839, 841 (8th Cir. 1998).  Following Chambers, the Court determines that Johnson is entitled to qualified immunity.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendants' Motion for Summary Judgment (Doc. No. 11) is **GRANTED,** and all counts in the Complaint are **DISMISSED WITH PREJUDICE. LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 10, 2012

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge